BORYCZKA ET AL. *v.* BORYCZKA ET AL.

[No. 13,241. Filed May 11, 1928. Rehearing denied June 21, 1928.]

*Abe Otterheimer, Ibach, Gavit, Stinson & Gavit,* and *Owen S. Boling,* for appellants.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark,* for appellees.

NICHOLS, J.—This application by the appellants and appellees Mary Boryczka, Elizabeth and Robert Puza, and Eleanor Boryczka, against appellee Inland Steel Company, as dependents of George Boryczka, a deceased employee of such company, for compensation for the death of the decedent resulting from an accident arising out of and in the course of his employment. After hearing the evidence, the Industrial Board found that on July 13, 1927, George Boryczka was in the employment of the Inland Steel Company at an average weekly wage of $30; that on said date he received a personal injury by an accident arising out of and in the course of his employment, resulting in his death on said day. That the company had actual knowledge of the accident, injury and death at the time thereof. That the said George Boryczka left surviving him, who were living with him at the time of his injury and death and were wholly dependent upon him for their support, appellees Mary Boryczka, his wife, Elizabeth Puza, his step-daughter, Robert Puza, his step-son, and Eleanor Boryczka, his daughter. That he also left surviving him, appellants Edward Boryczka, his son, and Dorothy Boryczka, his daughter, who were only partially dependent on his wages for their support, and who were not living with him at the time of his injury and death.

On this finding, it rendered its award that appellees Mary Boryczka, Elizabeth Puza, Robert Puza and Eleanor Boryczka be awarded 300 weeks compensation at the rate of $16.50 per week, to be paid to them in equal shares beginning on July 13, 1927, and that appel-

lants Edward Boryczka and Dorothy. Boryczka take nothing.

The sole question in this appeal is as to whether appellants are entitled to share in the award for compensation allowed by the Industrial Board. It appears by the undisputed evidence that George Boryczka, by a first marriage, had two children, these appellants. His first wife obtained a divorce from him, and, by the decree, the wife was given the custody of the children, and the husband was ordered to pay $10 per week for the support of such children. This he did until the time of his death, and the money was used as directed by the court, but, as appears by the evidence, it was not sufficient wholly to support them and the mother worked and helped in their support. It thus appears that appellants were but partial dependents of the deceased. Appellee Mary Boryczka, who was the wife of George Boryczka at the time of his injury and death, had also been married before, and appellees Elizabeth and Robert Puza were the issue of that marriage. She obtained a divorce from her husband and the custody of the children, the issue of such marriage, was given to her, and the husband was ordered by the court to pay $5 per week for their support. This he never did, but disappeared. The support of the children rested wholly upon the mother until her marriage to George Boryczka, when they were taken into the family and thereafter, and until the death of George Boryczka, wholly supported by and dependent upon him for support. Appellee Eleanor Boryczka was the child and issue of the second marriage of George Boryczka, and there were, therefore, three children, appellees herein, wholly dependent upon George Boryczka at the time of his injury and death.

Clause "e" of §38 of the Workmen's Compensation Act

of 1919, Acts 1919 p. 158, being §9483 Burns 1926, provides that the term "child" shall include stepchildren and the term "parent" shall include step-parents. It further provides that, "if there is more than one person wholly dependent, the death benefits shall be divided equally among them, *and persons partially dependent shall receive no part thereof.*" (Our italics.)

The application of this statute to appellants thereby excluding them from participation in the award, seems harsh and unjust, but we see no escape therefrom. We cannot change its plain provisions. The award is therefore affirmed.