CAPITOL AMUSEMENT COMPANY ET AL. *v.* WASHINGTON AND NEW JERSEY REALTY COMPANY.

[No. 13,180. Filed February 1, 1929. Rehearing denied July 6, 1929. Transfer denied December 4, 1929.]

*Henderson & Henderson,* for appellants.

*Noel, Hickam, Boyd & Armstrong* and *Martin M. Hugg,* for appellee.

·REMY, J.—Suit by appellee as landlord against appellants for possession of real estate and for damages for holding over. Appellant Capitol Amusement Company was appellee's tenant under a written lease, and appellant Woodsmall had, in writing, guaranteed that lessee would carry out the terms of the lease. Complaint was

in the usual form. Demand was for possession of the real estate and $2,000 damages. To the complaint, the defendants filed separate demurrers, identical in form, challenging the jurisdiction of the court over the subject-matter of the suit. Demurrers were overruled, and appellants refusing to plead further, judgment was rendered against each of them in favor of appellee for possession of the real estate and damages in the sum of $1,000. This appeal followed.

Action of the court in overruling the separate demurrers is assigned as error.

The important question presented by this appeal is whether the municipal court of Marion county has jurisdiction of a suit for possession of real estate where the damage sought to be recovered is in excess of $500.

The municipal court is a court of limited jurisdiction, created by statute, and has only such powers as the statute of its creation confers. Section 2 of the statute (Acts 1925 p. 457, §1725 Burns 1926) provides: "Said Municipal Court shall have jurisdiction in the following cases: First, original jurisdiction concurrent with the superior and circuit courts in all civil cases founded on contract or tort in which the debt or damage claimed or value of the property sought to be recovered does not exceed the sum of $500. Also jurisdiction, irrespective of the value of the property sought to be recovered in possessory actions between landlord and tenant." It is appellants' contention that the provision in this section with reference to the amount of damages sought to be recovered in civil actions founded on contract or tort is applicable to the last clause of the section which confers "jurisdiction irrespective of the value of the property sought to be recovered in possessory actions between landlord and tenant." On the other hand, it is contended by appellee that the $500 provision has no application to and does

not limit nor restrict the provision conferring jurisdiction in possessory actions, and that the conferring of jurisdiction in possessory actions carries with it, by necessary implication, the granting of jurisdiction for the recovery of damages unlimited in amount. We concur in the latter view.

It is elementary that in the construction of a statute, the meaning of which is uncertain, the court may take into consideration the historical facts leading to the enactment, and the known purpose sought to be accomplished. *Hyland* v. *Rochelle* (1913), 179 Ind. 671, 100 N. E. 842.

This court judicially knows that the municipal courts were created to replace, so far as possible under the Constitution, justices of the peace in any county wherein is located a city containing a population of not less than 300,000, and that it was the intention to give the municipal courts greater jurisdiction than had been given to justices of the peace, to the end that relief would thereby be given to circuit and superior courts. That being true, the judicial constructions of the statutes fixing the jurisdiction of justices of the peace becomes important.

The act creating justices of the peace (2 R. S. 1852 p. 451) provided that justices of the peace should have "jurisdiction to try and determine suits founded on contract or tort, when the debt or damage claimed or the value of the property sought to be recovered does not exceed $100." This is substantially the language of the first clause of §2 of the Municipal Court Act, above quoted. The Legislature which enacted the statute creating justices of the peace, at the same session, enacted the following statute: "Whenever, in pursuance of legal notice, . . . any landlord or his legal representative shall be entitled to the possession of lands, he may, by himself or his agent, have any tenant who shall un-

lawfully hold over, removed from such lands, on complaint before a justice of the peace of the county in which such lands lie, specifying the matters relied on to justify such removal, and the damages claimed for detention.". 2 R. S. 1852 p. 490, §9558 Burns 1926.

In the case of *Sturgeon* v. *Hitchens* (1864), 22 Ind. 107, the Supreme Court had under consideration the question as to whether a justice of the peace, in an action for possession, had jurisdiction to render judgment for $500 damages, in the face of the above statute (2 R. S. 1852) creating justices of the peace and limiting their jurisdiction in actions on contract and for torts to those where the amount sought to be recovered does not exceed $100. The court, construing the two statutes, held that the amount of recovery fixed by the statute in an action on contract and for tort was not applicable, and that, in an action for possession of real estate, the jurisdiction of a justice of the peace was unlimited as to the amount of damages recoverable. See, also, *Scott* v. *Willis* (1889), 122 Ind. 1, 22 N. E. 786; *Campbell* v. *Nixon* (1891), 2 Ind. App. 463, 28 N. E. 107; *Miller* v. *Citizens Building, etc., Assn.* (1912), 50 Ind. App. 132, 78 N. E. 70. The only difference between the statute fixing jurisdiction of municipal courts and the above-quoted statutes fixing the jurisdiction of justices of the peace is that, in the former, the two provisions are in one section which, so far as the statutes under consideration are concerned, is a difference in form and not of substance.

It is a well-settled rule of statutory construction that, where a statute has been construed by a court of last resort of the state, and afterwards is substantially re-enacted, the Legislature shall be deemed to have adopted such construction in the new enactment. *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc.,*

*R. Co.* (1913), 179 Ind. 356, 101 N. E. 296, 44 L. R. A. (N. S.) 816, Ann. Cas. 1915D 917.

As stated above, this court judicially knows that one reason for the creation of the municipal courts was to relieve the congestion of the circuit and superior courts. That purpose, so far as suits for possession of real estate were concerned, would be defeated, if the construction of the statute contended for by appellants should be adopted, for in place of justice of the peace courts, with unlimited jurisdiction as to damages recoverable, we would have courts the jurisdiction of which would be limited to those cases in which the damages claimed did not exceed $500.

In the light of the historical facts which led to the enactment of the statute, and the purpose sought to be accomplished thereby, we hold that the limitation ■ in §2 of the Municipal Court Act, *supra*, with reference to the amount of damages recoverable in civil actions founded on contract or tort, has no application to actions between landlord and tenant for possession, and that in such cases the amount of damages recoverable is not limited.

As to the cause of action against appellant Woodsmall, the provision of the statute giving municipal courts jurisdiction in actions between landlord and tenant ■ has no application; that action is on the contract of guaranty, and is governed by that provision of the statute which limits jurisdiction in actions founded on contract to cases in which the amount of the debt claimed does not exceed $500. The separate demurrer of Woodsmall should have been sustained.

Judgment affirmed as to Capitol Amusement Company; reversed as to appellant Woodsmall.