## HALL *v.* STATE OF INDIANA.

[No. 13,784.   Filed October 3, 1929.   Rehearing denied December 20, 1929.]

*Q. Austin East, John P. O'Donnell* and *Edwin Corr*, for appellant.

*James M. Ogden*, Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

NICHOLS, J.—Appellant was charged in an indictment with unlawfully selling, bartering, exchanging, giving away, furnishing and disposing of one pint of intoxicating liquor to Harry J. Van Deman. To the indictment appellant entered a plea of not guilty. There was a trial by the court and a finding of guilty as charged, on which finding, judgment was rendered assessing a fine of $100 and costs, and ordering that she be imprisoned in the correctional department of the Indiana Woman's Prison for 120 days, from which judgment, after appellant's motion for a new trial was overruled, this appeal.

The error relied upon is the overruling of appellant's motion for a new trial, under which appellant presents that the court erred in overruling her motion for a change of venue, that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law.

Appellant had no constitutional right to a change of venue. Such right as she had in that regard was purely a creature of the Legislature over which it had entire control, and in granting the right it could impose such conditions as it deemed wise and expedient. Appellant had no right to a change of venue except such as was granted to her by §10, ch. 132 of the acts of the Legislature of 1927, Acts 1927 p. 411, and then only upon such conditions as it might impose.

Such section provides as follows: "The defendant may show to the court, by affidavit, that he believes that he cannot receive a fair trial, owing to the bias and prejudice of the judge against him, or the excitement or prejudice against the defendant in the county or in some part thereof, and demand to be tried by disinterested triers. Any affidavit for change of judge shall be filed at least ten days before the day set for trial or if a date less than ten days ahead is set for trial, then such affidavit shall be filed within two days after the setting of the case for trial."

The affidavit for change of judge in this case was filed two days before the trial and was not filed at least 10 days before the day set for trial and not within two days after it was set for trial.

The language of the statute quoted is so plain that it needs no construction, but assuming that it does, it must be so construed as to express the legislative intent. This rule is so well established that we need cite no authorities to sustain it. In determining such intent, the courts may look to the letter of the statute, the circumstances under which it was enacted and the mischief intended to be corrected. *Doney* v. *Laughlin* (1911), 50 Ind. App. 38, 94 N. E. 1027; *Capitol Amusement Co.* v. *Washington, etc., Realty Co.* (1929), *ante* 389, 164 N. E. 715.

The statute in force prior to the enactment of the above-quoted statute, being §2235 Burns 1926, imposed no condition as to the time when an application for a change of venue should be filed. Thereunder, it is a matter of common knowledge that a practice had grown up of waiting until the time of trial was at hand, and then filing an application for change of judge, or change of venue, thereby gaining time, and disarranging the business of the court, often to its great inconvenience. To correct this evil, courts generally

had attempted to adopt rules requiring such applications to be filed a specified number of days before the trial or before the cases were set for trial, but such rules were avoided by stating in the affidavit that the bias and prejudice were not discovered until the day the application was filed. It is clear that such rules could not prevail as against the absolute right given by the statute. To correct this evil, the statute of 1927 was passed. For the court now to hold that an application for change of judge must be sustained, which, as here, was not filed 10 days before the cause was set for trial is simply to nullify the statute. Appellant seems to contend that the statute so interpreted as to prevent a change of judge would be harsh and unjust. Even if this were true, and we do not so hold, we would not be authorized to change its plain provisions. *Boryczka* v. *Boryczka* (1928), 87 Ind. App. 511, 161 N. E. 830.

The court did not err in overruling appellant's motion for a change of judge.

It does not appear by appellant's brief that any bill of exceptions containing the evidence was ever filed; but we have examined what purports to be the evidence as set out in appellant's brief, which evidence was that of only one witness, and it is ample to sustain the decision of the court. In addition to this, it appears by the record that there was uncontradicted evidence that there were purchases from appellant by high-school boys and students of the university, that the reputation of the place as a "booze joint" was bad, that the place was "known" to taxi-cab drivers, and that they delivered persons there who purchased liquor.

Judgment affirmed.