WILSON ET AL. *v*. LA PORTE GAS AND ELECTRIC COMPANY ET AL.

[No. 16,400. Filed October 16, 1939.]

*Rees & Link,* for appellants.

*Lee L. Osborn,* and *Shields, Roule & Raelson,* for appellees.

STEVENSON, C. J.—Russel A. Wheatley was killed by an accident arising out of and in the course of his employment by the appellee LaPorte Gas & Electric Company on the 19th day of May, 1938. At the time of his death he was living with and supporting his family which consisted of Orel Wheatley Wilson, a childless second wife, Ethel Wheatley, appellee herein, a daughter by former marriage, and Jerry E. Wilson and Dottie Sue Wilson, appellants herein who were stepchildren, they being the bodily issue of the appellant Orel Wheatley Wilson and her former husband from whom she was divorced. The facts in this case were all stipulated and the sole question presented for our consideration is the correctness of the award of the Industrial Board which denied compensation to the said Jerry Eugene and Dottie Sue Wilson, stepchildren of the deceased Russel A. Wheatley. Compensation was awarded by the board

to the appellant as surviving widow and Ethel Wheatley as dependent child at the rate of $16.50 per week during the period of dependency but not exceeding a period of 300 weeks. The appellants challenge the award of the Industrial Board so entered as being contrary to law. It was stipulated by the parties that at the time of the death of the said Russel A. Wheatley the said Jerry E. Wilson and Dottie Sue Wilson were minors aged 14 and 10 years respectively. That the said appellant Orel Wheatley Wilson, the mother of Jerry E. Wilson and Dottie Sue Wilson, was divorced from Earl C. Wilson, the natural father of said Jerry E. and Dottie Sue Wilson, in the state of Missouri on the 20th day of October, 1931. No order of support was lodged against the said Earl C. Wilson by the court granting the divorce, but the said Earl C. Wilson, during the time the appellant was married to Russel A. Wheatley, contributed voluntarily $30.00 per month toward the support of said minor children and has continued to contribute for their support since the death of Russel A. Wheatley. It was further stipulated that ''from the time of the marriage of the said Russel A. Wheatley and the said Orel Wheatley until the death of said Russel A. Wheatley, the said Russell A. Wheatley, Orel Wheatley, Ethel Wheatley, Jerry Eugene Wilson and Dottie Sue Wilson lived in the same household and as members of the same family''. Under this state of the record the appellant contends that the stepchildren of said Russell A. Wheatley were entitled to share in the award of the compensation. The appellants rely upon the provisions of § 40-1403 Burns Indiana Statutes, Ann. 1933, § 16414 Baldwin's 1934, which reads as follows:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a)    A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time.

"(b)    A husband, who is both physically and financially incapable of self-support, upon his wife with whom he is living at the time of her death.

"(c). A child under the age of eighteen (18) years upon the parent with whom he or she is living at the time of the death of such parent.

"(d)    A child under eighteen (18) years upon the parent with whom he or she may not be living at the time of the death.of such parent but upon whom, at such time, the laws of the state impose the obligation to support such a child.

"(e)    A child over the age of eighteen (18) years who is either physically or mentally incapacitated from earning his or her own support, upon a parent with whom he or she is living at the time of the death of such parent, or upon whom the laws of the state, at such time, impose the obligation of the support of such child.

"As used in this section, the term 'child' shall include stepchildren, legally adopted children, posthumous children and acknowledged illegitimate children, but shall not include married children; the term 'parent' shall include stepparents and parents by adoption.

"In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and (the) question of partial dependency shall be determined in like manner as of date of the injury. If there is more than one (1) person wholly dependent, the death benefit shall be divided equally among them; and per-

sons partially dependent shall receive no part thereof.''

It is apparent from a reading of the above statute that clause (c) is sufficiently broad to include the two stepchildren involved in this appeal. The act specifically provides that the term ''child'' shall include stepchildren and the term ''parent'' shall include stepparents. The Industrial Board was evidently of the opinion that the question of total dependency was one of fact in this particular case since the natural father was contributing to the support of the children here involved.

It is our opinion, however, that the statute precludes inquiry into the facts when it is made to appear that the conditions of the statute which give rise to the presumption have been fully met. This court has repeatedly held that ''where the situation exists that gives rise to the presumption there can be no further inquiry regardless of what the facts are''. *In Re Carroll* (1917), 65 Ind. App. 146, 116 N.E. 844; *Miami Coal Co.* v. *Peskir* (1923), 80 Ind. App. 115, 139 N.E. 684.

The appellants, Jerry E. Wilson and Dotty Sue Wilson, being stepchildren of the deceased employee and under eighteen years of age and living with him at the time of his death as members of his household are, under the statute, conclusively presumed to be wholly dependent upon him for support. The mere fact that their natural father also owed them a duty which he was regularly discharging in the way of contributions does not prevent the appellants from recovering in this action as persons wholly dependent. As was said by this court in the case of *Dumes* v. *Deckard* (1938), 105 Ind. App. 674, 679 17 N.E. (2d) 481:

"It is not necessary in all cases arising under our Workmen's Compensation Act involving the question of dependency that the claimant establish by proof that or she was *wholly* dependent upon the employee at the time of his death in order to recover the amount of compensation provided by the statute for dependents wholly dependent."

While it is true that the minor children have been held to be dependents of their natural father, even though they were not living with him at the time and even though their custody had been taken from him, yet these cases do not by inference preclude the appellants in this case. *Huff* v. *Merchants Parcel Delivery Co.* (1939), 106 Ind. App. 110, 18 N.E. (2d) 471.

This court has held that stepchildren are entitled to compensation upon the death of a stepfather to the exclusion of his own children whose custody had been taken from him by a divorce decree but to whose support he partially contributed. *Boryczka* v. *Boryczka* (1928), 87 Ind. App. 511, 161 N.E. 830. In the case at bar we have the rather unusual situation where the appellants, as minor children, were living with their step-parent as members of his household and who also received support from their natural parent. In some respects, therefore, the appellants may be said to have had more than one set of parents.

Whether children so situated are entitled to compensation from both the natural father and the step father in event of the death of each is a question we are not now called upon to decide. The mere fact that the children involved in this case have other means of support, however, cannot be considered. They were living with the deceased employee in his household and as members of his family at the time of his death.

Under such circumstances, they are made wholly dependent by operation of law. This conclusion must necessarily follow as a corollary to the holding of this court in the case of *Boryczka* v. *Boryczka,* supra.

The appellee contends that the Industrial Board is not prevented by the above statute from making an inquiry into all the facts for the reason that the legislature of the State of Indiana cannot under our constitution declare what shall be conclusive evidence of a fact. And if the statute should be so construed as to prevent a full inquiry into all the facts it would be unconstitutional. We cannot agree with this contention. This court in the case of *Srajn et al.* v. *Tighe Coal Co.* (1925), 83 Ind. App. 537, 540, 149 N.E. 187, in discussing this provision of the statute said, ''It is to be observed that this section provides certain rules of law to govern the Industrial Board in determining what persons were wholly dependent upon a deceased employee at the time of his death.'' This section of the statute sets up a rule of law by which the Industrial Board and this court are bound. It does not attempt to establish a rule of evidence. *Collwell* v. *Bedford, etc., Stone Co.* (1920), 73 Ind. App. 344, 126 N.E. 439. A similar statute was discussed by the Supreme Court of Minnesota in the case of *State ex rel London & Lancashire Indemnity Co.* v. *District Court of Hennepin County, et al.* (1918), 139 Minn. 409, 410, 411, 166 N.W. 772, 773. In discussing the constitutionality of such statute, the court said:

''The realtor contends that the Legislature cannot make the presumption of dependence conclusive, and claims that plaintiff was not in fact dependent upon her husband for the reason that she had supported herself for years without assistance from him. The Legislature in de-

claring that a particular fact shall be conclusively presumed does not establish a presumption in the ordinary sense of the term, but rather a rule of law to the effect that in the case specified the nonexistence of the fact presumed is immaterial. 9 Ency. of Ev. 884; 2 Wigmore, Ev. Sec. 1353. The Legislature can make a presumption conclusive unless such presumption would cut off or impair some right given and protected by the Constitution. No provision of the Constitution is cited which takes from the Legislature the power to define and prescribe the duties of the husband to his wife and children and the rights to which the wife shall be entitled in consequence of the existence of the marriage status; and we are satisfied that the Legislature had power to provide that for the purposes of the compensation law the wife 'shall be conclusively presumed to be wholly dependent' upon her husband regardless of whether she had or had not been supported by him in his lifetime. The duty to support her rested upon him as a continuing obligation which could have been enforced at any time. The Legislature could recognize the existence of this obligation, and in the plenitude of its power could make such reasonable provision for the wife under the compensation law as it deemed just and proper. Furthermore even if the constitutional guaranties would be infringed by making the presumption conclusive in other cases, they would not be infringed by making it conclusive under the compensation law for the provisions of that law are obligatory only upon those who elect to become subject to it, and those who voluntarily assume the liabilities imposed by the law in order to secure the benefits conferred by it have been deprived of no constitutional right.''

It is our opinion that the above statute does not deprive the appellees of any constitutional right. All the benefits which they seek to hold under this award are conferred by statute. These benefits may be in-

creased or lessened at the will of the Legislature and the declaration to the effect that certain persons shall be entitled to compensation, in all events, is a benefit clearly within the power of the Legislature to bestow. Such a provision is not unconstitutional.

For the reasons above set forth, the appellants, Jerry E. Wilson and Dottie Sue Wilson, are entitled to share in the compensation provided by statute as dependent children. The award of the Industrial Board is reversed and the Industrial Board is ordered to modify the award in accordance with this opinion.

Award reversed.