**227 A.2d 199.**

Paul V. Cataldo and Paul V. Cataldo II, *p.p.a.*
Paul V. Cataldo *vs.* Admiral Inn, Inc.

March 17, 1967.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

2

POWERS, J. This is a respondent employer's appeal from a final decree of the workmen's compensation commission, affirming the decree of a single commissioner awarding death benefits in accordance with the applicable provisions of the workmen's compensation act.

A travel of the cause discloses that on April 13, 1964 Evelyn B. Cataldo, while in the employ of respondent, was involved in an automobile accident and died as a result thereof May 10, 1964.

On February 23, 1965 Paul V. Cataldo, her husband, brought a petition for death benefits on his own behalf and on behalf of a minor son. The full commission found that in the instant circumstances the statute made no provision for the boy and entered a decree to that effect, from which no appeal was taken. We shall treat the cause therefore as though only the petition of the husband had been considered.

At the hearing before the single commissioner it was agreed that the injuries resulting in the death of the employee Evelyn arose out of and in the course of her employ-

ment, that she was the wife of and living with petitioner, and that her average weekly wage was $115.

The petition was brought on the authority of G. L. 1956, §28-33-12, as amended, and §28-33-13. The pertinent provisions of §28-33-12, as amended, are as follows:

> "If death results from the injury, the employer shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of his injury, or death, whichever is greater in number, a weekly payment equal to sixty per cent (60%) of his average weekly wages, earnings or salary, but not more than thirty dollars ($30.00), nor less than twenty-six dollars ($26.00) a week, for a period of five hundred (500) weeks from the date of the injury * * *."

Section 28-33-13 provides in part:

> "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:
> " * * * *
>
> "(b) A husband upon a wife with whom he lives or upon whom he is dependent at the time of her death."

The respondent filed an answer denying that petitioner was in fact wholly dependent upon his wife at the time of her death and challenged the constitutionality of the conclusive presumption of such dependency as set forth in said §28-33-13 (b).

The single commissioner noted for the record the agreement of the parties on the salient facts of the compensability of the injury and matrimonial status of the parties and in light of respondent's contentions received evidence as to the extent, if any, of petitioner's dependency on his wife. In the view we take of the cause, however, no consideration of such testimony is required.

Proceeding from the undisputed facts bearing on the statutory requirements of petitioner's marital status and the compensable nature of his wife's fatal injuries, the single

4

commissioner and on review the full commission held that petitioner was entitled to the benefits of §28-33-12, as amended, by reason of the conclusive presumption mandated in his favor by the provisions of §28-33-13 (b). Each tribunal in turn construed the legislative declaration of "conclusively presumed" as a statement of a substantive rule of law and not an evidentiary presumption which, as respondent correctly argues, could not be made conclusive without doing violence to the due process guarantees of the first section of art. XIV of amendments to the United States Constitution, citing *Juster Bros., Inc.* v. *Christgau,* 214 Minn. 108, *Mobile, Jackson & Kansas City R.R.* v. *Turnipseed,* 219 U. S. 35, and numerous others.

Indeed, a statutory provision which purported to establish the conclusive existence or non-existence of a fact susceptible of proof to the contrary would, if such contrary fact were material to the cause, not only be violative of due process but would constitute as well an unwarranted legislative invasion of the judicial power. *Western & Atlantic R.R.* v. *Henderson,* 279 U. S. 639. See also *Howard Saving Institution* v. *Quatra,* 38 N. J. Super. 174, and 4 Wigmore, Evidence (3d ed.), §1353, p. 714, and Vol. 9, §2492, p. 292.

However, the courts and text writers alike are all but unanimous in declaring that whereas legislative mandated presumptions, evidentiary in nature, must be rebuttable and even then are valid only if there is a logical or rational connection between the fact established and the fact presumed, *State* v. *Tutalo,* 99 R. I. 14, 205 A.2d 137, the legislative enactment of a positive rule of substantive law, if otherwise constitutional, is not rendered invalid because expressed as a right conclusively presumed. *City of New Port Richey* v. *Fidelity & Deposit Co.,* 105 F.2d 348; *Ellis* v. *Henderson,* 204 F.2d 173. The guiding principle in distinguishing between an evidentiary presumption and a posi-

tive rule of substantive law is the discernment of the legislative intent of the purpose to be achieved.

From the expressed language of the sections in issue and other related provisions of the workmen's compensation act, we think that the challenged provision is declarative of a substantive rule predicated on sound public policy.

Significantly, the second or alternative clause in §28-33-13 (b) authorizes an award of death benefits as though wholly dependent to a surviving husband who, it can be shown, had been receiving actual support from an employed wife with whom he had not been living. While there is no express reference to a marital state in which the parties were living separate and apart, we conceive such condition to be the distinguishing feature of the first and second clauses. Contrasting then this qualified consideration with the absolute right conferred on a surviving husband bereft of a spouse with whom he had been making a home, we think it clear that by the terms of the first clause of said §28-33-13 (b), the legislature intended, in such a situation, to compensate a surviving husband for the loss of consortium and other conjugal blessings characteristic of a marital union, the status of which establishes it as a basic biosocial unit in our society.

In contending for the interpretation that we give to §28-33-13, petitioner cites several cases in other jurisdictions as authority for the proposition that the conclusive presumption applicable in each such case was to be both a positive rule of substantive law and constitutional. They include *Alexander* v. *Cunningham Roofing Co.,* 124 N. J. L. 390, *Collwell* v. *Bedford Stone & Constr. Co.,* 73 Ind. App. 344, *Gliewe* v. *Mulberry Metal Stamping Works, Inc.,* 125 N. J. L. 555, *Pacific Employers Ins. Co.* v. *Industrial Acc. Comm'n,* 81 Cal. App. 2d 37, and *Wilson* v. *LaPorte Gas and Elec. Co.,* 107 Ind. App. 21, among others. In rebuttal thereof respondent argues that careful reading of each of

the cited cases discloses that, although the courts involved may have commented favorably upon the use of a conclusive presumption as a positive statement of a rule of substantive law, the rationale of each decision put the holding of the court on some other ground.

In the *Gliewe* case, respondent argues, the conclusive presumption was not the issue and strictly speaking this is so. There, the New Jersey court reaffirmed the validity of the rule as laid down in *Alexander* v. *Cunningham Roofing Co.*, *supra*, which respondent does not discuss. Neither does it question the holding of the Indiana court in *Collwell* v. *Bedford Stone & Constr. Co.*, *supra*. There dealing with a dependency claim for death benefits resulting from an industrial accident which claim rested on the language:

> "The following persons shall be conclusively presumed to be wholly dependent for support upon such deceased employee: (a) A wife upon a husband with whom she lives at the time of his death,"

the court at page 349 stated:

> " 'conclusive presumptions are not really presumptions at all, whatever they may have been before becoming conclusive. They are merely rules of law declaring a particular fact to be true under particular circumstances and forbidding any inquiry into its truth or falsity.' "

In *Pacific Employers Ins. Co.* v. *Industrial Acc. Comm'n*, *supra*, respondent argues that the conclusive presumption aspect of the California statute was not controlling for the reason that the court held that the dependency claim, made by a minor on the death of his father, was valid by reason of the father's obligation to support his legitimate children. This argument, however, misconceived the thrust of the court's reasoning, namely, that if the legislatively declared dependency was a valid exercise of the police power, a so-called conclusive presumption was in fact the statement of a substantive rule of law.

In *Wilson* v. *LaPorte Gas and Electric Co., supra,* at page 28, quoting with approval from *State ex rel. London & Lancashire Indemnity Co.* v. *District Court,* 139 Minn. 409, stated:

> " '\* \* \* if the constitutional guaranties would be infringed by making the presumption conclusive in other cases, they would not be infringed by making it conclusive under the compensation law for the provisions of that law are obligatory only upon those who elect to become subject to it, and those who voluntarily assume the liabilities imposed by the law in order to secure the benefits conferred by it have been deprived of no constitutional right'."

This language, respondent contends, is authority for the proposition that since the workmen's compensation law is obligatory on employers in this state, the holding of the court in the *Wilson* case is without significance in the instant cause. We are not so persuaded. A careful reading of that case discloses that the court was indulging in an "even if evidentiary" argument not necessary to its decision. Indeed in the earlier case of *Collwell* v. *Bedford Stone & Constr. Co., supra,* the court reached a similar result without reference to whether the statute was elective or mandatory. It has long been settled that workmen's compensation acts are a valid exercise of the police power even though mandatory, if the classification of employers is not discriminatory. *Mountain Timber Co.* v. *State of Washington,* 243 U. S. 219; *Ward & Gow* v. *Krinsky,* 259 U. S. 503.

Although of no material significance, we note that the question presented by respondent's appeal is one of first impression in this state and our research indicates that it has not been decided elsewhere. While we reject respondent's contention as heretofore considered that the conclusiveness of dependency was held valid by reason thereof, it is true as respondent points out that in the cases considered plaintiffs were a surviving wife, mother of minor

children, who would normally have a legal claim to the right of support by the deceased. Here petitioner is a surviving husband and, respondent vigorously urges, has no valid claim in this state to support by his wife. This reasoning, however, is predicated on the assumption that the first clause of §28-33-13 (b) was intended to provide compensation in substitution for financial support legislatively presumed as having been lost to a surviving husband on the death of his wife. As heretofore determined, it is our judgment that §28-33-13 (b) awards money damages for the irrevocable loss of consortium and conjugality. It is of some significance that by the provisions of §28-29-21 the legislature has precluded the surviving husband from recovering damages for wrongful death, assuming of course that an action therefor would otherwise lie.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, the stay entered November 10, 1965 is dissolved, and the cause is remanded to the workmen's compensation commission for further proceedings.

Motion for leave to reargue denied.

*Goodman, Semonoff & Gorin, Norman G. Orodenker, Nathan W. Chace,* for petitioner.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* for respondent.