### JAMES MORAN'S (dependent's) CASE.

Suffolk.    November 13, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* Dependency. *Parent and Child. Statute,* Amendment.

A minor under the age of eighteen years, who, by reason of the facts that his father received injuries while in the employ of a subscriber under the workmen's compensation act and afterwards died and that his mother is not living, would have

been entitled to compensation as one presumed under St. 1911, c. 751, Part II, § 7, to be wholly dependent upon the father if he had been living with him at the time of his death, is not so presumed to be wholly dependent if he had been deserted by his father and was living apart from him for justifiable cause.

The amendment to the workmen's compensation act contained in St. 1914, c. 708, § 3, whereby the provision of the original act, that a wife should be conclusively presumed to be wholly dependent upon a deceased employee if she was living with him at the time of his death, was extended to include a wife who should be found by the Industrial Accident Board to have been living apart from the employee for justifiable cause at the time of his death or to have been deserted by him, does not justify reading, by implication or enlargement, into that provision of the original act which enacted that a child under eighteen years of age should be conclusively presumed to be wholly dependent upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent, a provision that such child should be conclusively presumed to be wholly dependent upon such parent if he is living apart from him for justifiable cause or has been deserted by him.

APPEAL to the Superior Court from a decision of the Industrial Accident Board that Catherine M. Moran, the claimant, a child of James Moran, who died on March 9, 1918, as the result of injuries received on February 21, 1918, while he was in the employ of a subscriber under the workmen's compensation act, in the circumstances described in the opinion was entitled to be paid $2.38 per week during the statutory period as one partially dependent upon the employee.

In the Superior Court the case was heard by *Chase*, J., by whose order a decree was entered in accordance with the decree of the Industrial Accident Board. The claimant appealed.

The material portion of St. 1914, c. 708, § 3, is as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . .

"(c) A child or children under the age of eighteen years, (or over said age, but physically or mentally incapacitated from earning,) upon the parent with whom he is or they are living at the time of the death of such parent, there being no surviving dependent parent: provided, that in the event of the death of an employee who has at the time of his death a living child or children by a former wife or husband, under the age of eighteen years, (or over said age, but physically or mentally incapacitated from earning,) said child or children shall be conclusively presumed to be wholly dependent for support upon such deceased employee, and the death benefit shall be divided between the surviving

wife or husband and all the children of the deceased employee in equal shares, the surviving wife or husband taking the same share as a child. The total sum due the surviving wife or husband and her or his own children shall be paid directly to the wife or husband for her or his own use and for the benefit of her or his own children, and the sums due to the children by the former wife or husband of the deceased employee shall be paid to their guardians or legal representatives for the benefit of such children."

St. 1919, c. 204, is as follows: "Section seven of Part II of chapter seven hundred and fifty-one of the acts of nineteen hundred and eleven, as amended by section three of chapter seven hundred and eight of the acts of nineteen hundred and fourteen, is hereby further amended by inserting after paragraph (c) the following new paragraph: — (d) A child or children under the age of sixteen (or over the said age but physically or mentally incapacitated from earning) upon a parent who was at the time of his death legally bound to support, although living apart from, such child or children."

P. L. Keenan, for the claimant.

L. C. Doyle, for the insurer.

JENNEY, J. In this proceeding under the workmen's compensation act, the sole question is whether a minor under the age of eighteen who has been deserted by her father and is living apart from him for justifiable cause, is conclusively presumed to be wholly dependent on him for support, there being no surviving dependent parent. Partial dependency is admitted and it is conceded that the minor is at least entitled to the compensation awarded her by the Industrial Accident Board. If the question is answered in the negative, the decree of the Superior Court was rightly entered; if in the affirmative, the dependent is entitled to an amount larger than that awarded her.

The act in its original form provided that certain persons should be "conclusively presumed to be wholly dependent for support upon a deceased employee." ' The persons as to whom such presumption was created, were, so far as material, a wife upon a husband with whom she was living at the time of his death, a husband upon a wife with whom he was living at the time of her death, and a child or children under the age of eighteen upon the parent with whom he was or they were living at the time of the death of

the parent. St. 1911, c. 751, Part II, § 7. While embraced in the same section, these provisions as to wife, husband and children were independent, although all related to cases where the dependents were living at the time of the death with the husband, wife or parent, and they did not qualify nor control each other. While the statute thus existed, it was held that a widow, who was at the time of her husband's death living apart from him for justifiable cause, was not conclusively dependent on him, and that her dependency should have been determined as a matter of fact. *Gallagher's Case*, 219 Mass. 140. Shortly before that decision, the act had been amended by providing that a wife, living apart from her husband for justifiable cause or who had been deserted by him, should be conclusively deemed to be wholly dependent on her husband. St. 1914, c. 708, § 3. The dependent contends that the statute as thus amended declares in legal intendment ". . . that a minor child under the age of eighteen deserted by her father and living apart from him for justifiable cause should be conclusively presumed to be dependent on him for support" and that the ". . . Legislature could not have intended to exclude" from the protection given to the surviving widow "little children incapable of self-support."

The short answer to this claim is that an independent provision which is in contradiction to the express terms of the statute cannot be read into it. The right to compensation, being wholly a creature of the statute, is defined and limited thereby. While the statute is " . . . to be construed broadly for the purpose of carrying out its manifest purpose," (*Sullivan's Case*, 218 Mass. 141) there cannot be read into it by implication or enlargement provisions not fairly within its terms, and its express provisions cannot be extended beyond their reasonable import. No intent to change the statute as to the dependency of children can be inferred from the amendatory act. In fact it expressly re-enacted the original provisions as to children. The case therefore is within the decision in *Gallagher's Case, supra*. See also *Cronin's Case, ante*, 5.

The dependent is not aided by St. 1919, c. 204, passed since the death of her father. As a result of this amendment, total dependency as to a minor under the age of eighteen and above the age of fifteen, exists only where the minor is living with the

parent at the time of the latter's death; while, as to minors under the age of sixteen, there is such dependency not only where the minor is so living, but also where the parent was at the time of his death legally bound to support the minor although living apart from him.

It follows that the dependency created by the statute was not total, but rightly was determined as a question of fact, and the decree of the Superior Court must be affirmed.

*So ordered.*