[S. F. No. 10923.   In Bank.—July 29, 1924.]

C. A. FOX et al., Petitioners, v. INDUSTRIAL ACCI-
    DENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—MINORS—DEPENDENCY.—In a proceeding under the Workmen's Compensation Act for an award for the death of the mother of minors, where there is no finding made by the Industrial Accident Commission that the father was unable to support the minor children, or that it was therefore necessary for the mother to contribute to such support, and no

---

1. Who are dependents under workmen's compensation acts, notes, Ann. Cas. 1913E, 480; Ann. Cas. 1918B, 749; 13 A. L. R. 686; 30 A. L. R. 1253; L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483. See, also, 28 R. C. L. 770, 778.

facts are adduced at the hearings before the commission which would warrant such findings, and neither by statute law of the state nor by voluntary contribution to the support of the minor children did the deceased parent become legally liable for their maintenance, the conclusive presumption of total dependency under the above act does not apply as to her.

[2] ID.—CHILDREN IN FOREIGN COUNTRY.—The fact that the minor children in such case were sent to a foreign country for the purposes of education is immaterial as far as their status is concerned.

[3] ID.—PARTIAL DEPENDENCY—FINDING OF FACT.—Where the conclusive presumption of total dependency provision of the act does not apply, the question of entire or partial dependency and the extent thereof must be determined in accordance with the fact as of the time of the injury.

---

(1) Workmen's Compensation Acts, p. 55, sec. 49. (2) Workmen's Compensation Acts, p. 55, sec. 49. (3) Workmen's Compensation Acts, p. 56, sec. 49.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission awarding compensation for death. Award annulled.

The facts are stated in the opinion of the court.

Redman & Alexander for Petitioners.

W. H. Pillsbury and E. O. Allen for Respondents.

LAWLOR, J.—This is a review of an award made by the Industrial Accident Commission in favor of Morio Wakiya and his three minor children for the death of the wife and mother, the award amounting to the sum of $4,149.

The deceased, Nobu Wakiya, and her husband, Morio Wakiya, were both employed by petitioner, C. A. Fox, at Fresno. She served as a chambermaid in a hotel conducted by petitioner and received a wage of $3.50 a day, working seven days a week, plus room, water, ice, and certain other advantages, such items aggregating fifty cents a day, and this remuneration was stipulated to be the basis of any award that may be rendered. The husband received the same wage and customarily deposited the joint earnings of both in a bank account conducted in his own name. The three children were all born in the United States, aged at the

time of the death of deceased, fourteen, fifteen, and six-
teen years, respectively. When two years of age each child
had been sent to boarding-school in Japan. They were all
in Japan at the time of the death of deceased. Thirty-five
dollars monthly was forwarded to these children in Japan
from the common earnings of husband and wife. During
the course of the employment the wife was electrocuted as
a result of her hand coming in contact with a nest of un-
covered electric wires and upon her death proceedings were
instituted by the husband and father as guardian *ad litem*
and trustee of the children and by the father-in-law of the
deceased (a resident of Japan) for the collection of the
death benefit.

The Commission filed the following findings of fact:

A. "Nobu Wakiya, while employed as a chambermaid on
December 14, 1922, at Fresno, California, by defendant
C. A. Fox, doing business as Fox Hotel, sustained an in-
jury occurring in the course of and arising out of her em-
ployment, as follows: Her hand came in contact with an
open electric switch, causing her immediate death. At said
time said defendant's insurance carrier was Aetna Life
Insurance Co., and the employer and the employee were
subject to the provisions of the Workmen's Compensation,
Insurance and Safety Act of 1917.

B. "The employer had notice of said injury and death
within the terms of the aforesaid act.

C. "Employee left surviving her Wataru Wakiya,
Masako Wakiya and Seishi Wakiya, her minor children,
each of whom was at said time under the age of eighteen
years. Said deceased and her husband at all times herein
mentioned and since the year 1911, were residents of the
State of California and said minors and each of them were
born in said state and subject to the jurisdiction thereof.
Said minors were sent by their parents to boarding schools
in Japan for more economical education and support.

D. "The surviving parent of said minors, was not de-
pendent for support upon said deceased.

E. "Said minors were therefore at the time of said
injury citizens of the State of California (Section 1, Amend-
ment XIV, United States Constitution; 11 C. J. 777–8);
constructively residents therein (Section 52, Political Code
of California), and conclusively presumed to be totally de-

pendent for support upon said deceased (Section 14, Workmen's Compensation, Insurance and Safety Act of 1917, as amended July 22, 1919; Sections 196 and 197, Civil Code of California).

F. "Said minors are therefore entitled to a death benefit of $4049.60, payable at the rate of $17.29 a week, together with an award for $100 burial expense payable direct to Morio Wakiya. Said payments are based upon daily earnings of $4.00 for employment seven days a week. Payments accrued to August 16, 1923 (35 weeks) are $605.15, no part of which has been paid.

G. "Deceased also left surviving her applicant Tadakichi Wakiya, her father-in-law, who was at said time partially dependent upon her support, the annual amount contributed to such support by deceased being the sum of $92.80.

H. "It is the judgment of this Commission that the whole of said benefit should be awarded to said minor children."

Section 14 of the Workmen's Compensation Act (Stats. 1917, p. 844), as amended in 1919 (Stats. 1919, p. 917), is as follows:

"(a) The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee; provided, that these presumptions shall not apply in favor of aliens who are non-residents of the United States at the time of the injury.

"(1) A wife upon a husband with whom she was living at the time of his injury, or for whose support such husband was legally liable at the time of his injury.

"(2) A child or children under the age of eighteen years, or over said age, but physically or mentally incapacitated from earning, upon the parent with whom he or they are living at the time of the injury of such parent or for whose maintenance such parent was legally liable at the time of injury, there being no surviving dependent parent.

"(b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee. * * * "

Petitioners contend that the Commission erred in holding that the children were conclusively presumed to be totally

dependent for support upon their mother under section 14(a) (2) of the Compensation Act and that the award should have been made under section 14(b) and section 9(c) (2) instead of section 14(a) (2). It is first argued that under the law the presumption of total dependency would be upon the father of the children and not upon the mother. It is urged that "the children were not totally dependent upon their mother for support as they received at least one-half of their support from their father. . . . If the children were totally dependent upon their deceased mother for support the award is a correct one, but if they were only partially dependent it should be reduced to $630.00, pursuant to Section 9(c) (2) of the Compensation Act, which allows partial dependents to recover only three times the annual contributions of their deceased relative for support. . . . Assuming that the money sent abroad was furnished half by the wife and the other half by the husband, the actual amount received by the children from each parent approximated $210.00 per year. . . . The children at best were only partially dependent upon their mother in view of the fact that they received at least one-half of their support from the father. . . . We contend that if the children were presumptively totally dependent upon anyone it was upon their father and not their mother. If the father had died instead of the mother, the Commission would have applied the presumption of total dependency; but we contend that the Act does not authorize it upon the death of the mother when the father is still alive and has been contributing to the support of his children."

Upon this contention petitioners claim that the provision does not contemplate "a total dependency upon both parents," that it might be either but not both, citing the statutes and the common law to the effect that the primary duty of support is on the father. The brief continues: "We call particular attention to the words 'the,' 'such,' and 'was,' . . . These are restrictive terms and indicate a single person only. They show that it was not the intention of the Legislature to make the children presumptively totally dependent upon *both* parents but rather upon one only. If it had been intended to make the presumption apply to both parents the words 'the' and 'such' and 'was' would not have been used; and the term 'parent' would not have been in

194 Cal.—12

the singular but rather in the plural. The Act would have read 'upon the *parents* with whom he or they are living . . . or for whose maintenance such *parents were* legally liable.' But as one of the parents is singled out in the Act it becomes a question of construction to determine which was intended. We submit that in a case of this kind the father was intended and not the mother, and our contention for that construction finds support in the Compensation Act, the Codes of the State and the general law.''

Sections 156, 196, and 198 of the Civil Code and section 52 of the Political Code are cited in support of this contention, as are also the following authorities: 29 Cyc. 1606; *Ex parte Gordan,* 95 Cal. 374, 377 [30 Pac. 561]; *In re Campbell,* 130 Cal. 380 [62 Pac. 613]; *Henly* v. *Wilson,* 137 Cal. 273 [92 Am. St. Rep. 160, 58 L. R. A. 941, 70 Pac. 21], and *Shebley* v. *Peters,* 53 Cal. App. 288–293 [200 Pac. 364]. *Sinnerton* v. *Robert Addie,* 13 B. W. C. C. 500, and *Spreckels* v. *Industrial Acc. Com.,* 186 Cal. 256 [199 Pac. 8], are cited to the effect that where several wage-earners contribute to a common fund, those supported by it are only partially dependent upon each contributor. Sections 156, 196, and 198 of the Civil Code provide that the primary duty of the father is to support his minor children, that he is the head of the family, that if the support of the father is inadequate the mother must assist him to the extent of her ability. The authorities hold that at common law the father had a right to the services of his minor children, which right is coupled with the obligation to support and educate them, that he is entitled to the custody, control, and benefits of minor children as against the wife, unless during separation, that it makes no difference if such minor children have ample means of their own for support, the duty continues upon the father, and section 376 of the Code of Civil Procedure authorizes the father to sue for injuries to or death of the minor children.

Respondents, on the other hand, contend that the award should be affirmed on two grounds—the first, which is based upon a construction of the language of section 14(a) (2), that ''The conclusive presumption contained in sec. 14(a) (2) creates a total dependency upon the parent who happens to be the employee killed in the course of employment . . . without regard to the sex of the deceased employee. . . .

Preliminarily it is to be noted that sec. 14(a) (2) does not say that the minor child is dependent upon the *father*, but instead upon the *parent*. The term includes either father or mother. . . . Obviously, the term includes both a mother and a father without other limitation than that stated herein. The section does not refer to the *male* parent or to the *female* parent but to the *injured* parent, whichever it may be. . . . ''; and second, upon the ground that ''the limitations contained in the section are all complied with. (a) There was no surviving dependent parent, since the father was not dependent upon his wife's earnings. (b) The mother was legally liable for maintenance. (c) The children were 'living with' her.'' Point (a) is based upon finding D of the Commission. There is no evidence to contradict this finding that the husband of deceased was not dependent upon his wife for support and was not entitled to any death benefit under the act. Point (b) is based upon section 196 of the Civil Code, and the code section which declares that the rights of custody in the minor children are equal in the husband and wife when they are living separate and apart (sec. 198). Respondents argue that, ''Sec. 196, Civil Code provides that the parent entitled to the custody of the child must support it and that the mother must assist where the father's means are inadequate. . . . The code sections quoted establish the proposition that, while the father is expected primarily to support the minor children, the mother is not exempted from this obligation. Where a father cannot fulfill the duty, the mother must. . . . The existence of a legal duty resting upon the father does not free the mother from her legal obligation; it is only performance of the duty by him that excuses her. . . . There is reasonable ground for deducing that the father needed assistance from the mother in paying for the maintenance of the three children in a boarding-school in Japan.'' The brief then assumes to show by computations what the earnings of the husband were as a basis for the argument ''that assistance from the mother was absolutely necessary in order to give the children the support actually sent them,'' but we do not find any evidence in the record justifying the contention and there is no finding on the point.

Point (c) is based upon a construction of the words ''living with'' in section 14(a) (2). It is argued that,

"Where the child is living with both parents, and both parents are employed, both would seem to be within the presumption, depending upon which was injured. In the present case, the children were not physically living with either, although constructively domiciled with both. (Pol. Code, sec. 52), as both the children and wife take the domicile of the father during his lifetime and, hence, all are domiciled together. The term 'living with,' in the case of husband and wife, has been interpreted to mean a relation where there is physical separation but no separation in the nature of an estrangement (*Belle City etc. Co.* v. *Rowland*, 170 Wis. 293 [7 A. L. R. 1071, 174 N. W. 899]; *Northwestern Iron Co.* v. *Industrial Com.*, 154 Wis. 97 [Ann. Cas. 1915B, 877, L. R. A. 1916A, 366, 142 N. W. 271].) Whether in the case of minors a constructive domicile is tantamount to 'living with' the parents seems to be a novel point without published precedent; but we submit that this court is amply justified in holding that such a meaning is in accord with the intent of the legislature to find parents liable if there is no legal separation from their minor children."

It will not be necessary to discuss the first ground upon which the affirmance of the award is based for the reason, as will presently be seen, the award must be annulled on other grounds. Suffice it to say, that we cannot accept respondents' contention that section 14(a) (2) refers to the injured parent, whichever it may be, in a situation where there is no legal or actual separation between husband and wife and they are both contributing to the support of the minor children.

The second ground upon which it is sought to uphold the award is that the conditions contained in section 14(a) (2) are present. There is no dispute, as we have said, touching the finding that there was no surviving dependent parent. The precise question is whether the mother can be said to be legally liable for the maintenance of the minor children within the meaning of the words of section 14(a) (2) quoted above, where the parents are married and living together and both contributing from their respective earnings to a bank account in the husband's name out of which the minor children at the time of the injury of the mother were being supported in Japan. No finding was made by the Commission that the deceased parent in this case *otherwise* contrib-

uted to the support of the children, and from the evidence in the record before us we are unable to see how an implied finding that the mother was legally liable for the maintenance of the minor children can be supported. The legal liability of the father for the support of his minor children had not been altered; the voluntary contributions made by the deceased parent did not shift his legal responsibility. Section 196 of the Civil Code provides that the mother must support the minor children if the father is unable to do so. [1] There was no finding made by the Commission that the father was unable to support the minor children and no other finding that it was therefore necessary for the mother to contribute to such support, nor were any facts adduced at the hearings before the Commission which would warrant such findings. A situation is conceivable in which the husband and wife might be living together, both contributing to the support of the minor children in the manner described above, where by some judicial proceeding and decree, or by a contract between the parties, the mother has made herself legally liable for the support of the minor children and the father has, at least as far as the other parent is concerned, been divested of such legal responsibility. But there is nothing here which in any manner detracts from the legal liability of the father. It will serve no purpose to further discuss this point, since neither by the statute law of this state nor by voluntary contribution to the support of the minor children did the deceased parent become legally liable for their maintenance, and such being the fact the conclusive presumption of total dependency does not apply as to her.

[2] The second ground upon which the petition for this review is based is that "There is no place for a presumption of total dependency in this case," since section 14(a) provides that "these presumptions shall not apply in favor of aliens who are nonresidents of the United States at the time of the injury." It is urged that while the minor children were born here and therefore citizens of the United States, they were residing in Japan and "no proof was offered to show their present status." And further, "There was nothing indicating any intention on the part of the deceased or the father to bring these children back during their period of minority, and it is a fair presumption that these children

were actively engaged in productive labor in Japan."
*Moran's Case*, 234 Mass. 152 [125 N. E. 157], is cited as
authority for the proposition that the Compensation Act
"is dealing with the fact of actual, not constructive resi-
dence."

If the contention of petitioners is valid, that is, if the
minor children are nonresident aliens, they are not entitled
to the benefit of the conclusive presumption of total depen-
dency, and their actual dependency should be determined
in accordance with the provisions of section 14(b).

The fourteenth amendment of the constitution of the
United States reads: "All persons born or naturalized in
the United States and subject to the jurisdiction thereof,
are citizens of the United States and of the state wherein
they reside." The fact that the minor children were sent
to a foreign country for the purposes of education is im-
material as far as their status is concerned (*In re Look Tin
Sing*, 21 Fed. 905; 11 Corpus Juris, 777, 778; *United States
v. Wong Kin Ark*, 169 U. S. 649 [42 L. Ed. 890, 18 Sup. Ct.
Rep. 456, see, also, Rose's U. S. Notes]). It cannot be
doubted that the minor children here concerned do not come
within the proviso of section 14(a), and such being the case
the presumption of section 14(a) (2) would be applicable
if all the conditions of that section were found to be present.

[3] It having been held that the deceased parent was not
legally liable for the maintenance of the minors, within the
meaning of section 14(a) (2), it is clear that the conclusive
presumption of total dependency does not apply. Section
14(b) provides that in all cases where this conclusive pre-
sumption does not apply that "questions of entire or partial
dependency . . . and the extent of their dependency shall be
determined in accordance with the fact, as the fact may be at
the time of the injury of the employee." There is neither
evidence nor findings as to what, if any, portion of the money
contributed to the support of the minors came from the
earnings of the deceased parent. It is found that her earn-
ings were $28 per week, but it is not found whether the
whole or any part thereof went into the bank account, al-
though it appears from the evidence that the father custom-
arily deposited the joint earnings. On the going down of
this decision the Commission will find the fact and make
an award accordingly under section 14(b) and section

9(c) (2), which provides that in case of partial dependency the amount of the death benefit shall be three times the annual amount contributed.

The award of the Commission approved, ratified, confirmed, and ordered filed on September 4, 1923, is annulled, and the proceeding remanded for further action by the Commission in accordance with this decision.

Richards, J., Myers, C. J., Seawell, J., Waste, J., Lennon, J., and Houser, J., *pro tem.,* concurred.

Rehearing denied.

All the Justices concurred.