[Civ. No. 8633. First Appellate District, Division Two.—September 14, 1932.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and GRIFFITH ROBERTS, Guardian, etc., Respondents.

Daniel W. Burbank and C. F. Laumeister for Petitioner.

A. I. Townsend for Respondents.

STURTEVANT, J.—On March 28, 1931, Griffith Roberts and Mary Roberts were man and wife residing in Oakland. They had two minor sons, Frank and Walter, both of whom were living with their parents. The parents were living together and both were employed by Mountain View Cemetery Association. The wife received $75 per month and the husband received $125 per month. When the pay was received the husband delivered his pay check to the wife and out of the common earnings she paid the expenses of the household. On the date last mentioned Mary Roberts sustained an industrial injury from which she died on May 30, 1931. An application was made by the surviving husband to have the claim of each of said minors fixed. The respondent Commission thereafter filed its findings and award and, among other things, found: ''3. The employee left surviving her, wholly dependent, Frank Roberts, a minor child, who is entitled to a death benefit of $2479.48 . . . 4. The employee left surviving her Walter Roberts, a minor, who was partially dependent upon her for support.'' The petitioner contends that under the facts the third finding was not sustained by the evidence. The respondent Commission contends that it was and that said finding was made in direct compliance with section 14 (a) (2) of the Workmen's Compensation Act [as amended by Stats. 1919, p. 917, sec. 5]. The petitioner replies that the statute is ambiguous and it cites and relies on *Fox* v. *Industrial Acc. Com.*, 194 Cal. 173 [228 Pac. 38]. Merely because the minors involved in that litigation were domiciled in Japan the respondent Commission seeks to distinguish that case from the instant case. We think the distinction is immaterial and that the case cited by the petitioner is controlling and should be followed by this court. On the authority of that case the award should be and it is hereby annulled, and the proceeding is remanded for further action by the Commission in accordance with this decision.

Nourse, P. J., and Spence, J., concurred.