[Civ. No. 5244. Third Appellate District.—December 10, 1934.]

LILLIAN BAKER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Anson H. Morgan for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

THOMPSON, J.—This is a proceeding to review the award of the Industrial Accident Commission wherein it is found that the petitioner was not a dependent of David Keeley, deceased, within the meaning of section 14 of the Workmen's Compensation, Insurance and Safety Act of California.

The Industrial Accident Commission found that David Keeley was drowned December 17, 1933, while he was engaged in the course of his employment with the Sacramento River Lines; that the Firemen's Fund Indemnity Company was then the insurer of his employer, and that "The evidence does not establish that the applicants herein were dependents of said deceased." There is no finding that the petitioner, Lillian Baker, is the surviving daughter of David Keeley or that she is "physically or mentally incapacitated from earning", or dependent for support upon the deceased, or that she was living with him at the time of his death, or that there is "no surviving dependent parent". Compensation was denied the petitioner. A petition for rehearing was also denied. From the order denying compensation to the petitioner she has brought this proceeding.

It is contended that David Kili Ionakana, who is a Hawaiian, is the father of the petitioner. It is assumed that David Kili Ionakana is the same person as David Keeley, deceased. We are pointed to no evidence, and a careful examination of the entire record discloses no evidence that the identity of these two individuals is the same. The petitioner was born June 23, 1908. Prior to her birth, her mother was living with one Brewster, to whom she was not then married. The mother of petitioner did not marry Ionakana until 1913. At the time of the petitioner's birth in 1908, her birth certificate was certified by the attending physician and filed, in which Albert W. Brewster was named as her father. She was also designated therein as a "white" child. It is true that after this application for an award of indemnity was filed with the commission in 1934, the same physician signed a statement that when he certified to the birth certificate of this petitioner, he was "sure there was some mistake in names" and that David K. Ionakana acknowledged to him that he was the father of the child. It also appears that the mother of petitioner filed a suit for divorce against David Kili Ionakana in 1918, in

which she alleges that the only issue of their marriage was one ten year old daughter by the name of Lillian. The decree of divorce is not in this record, but it is stipulated that the interlocutory decree awarded the custody of this petitioner to her mother and that an award of $25 per month was rendered against the defendant in that suit. It also appears that the mother of this petitioner gave birth to three other children one of which is acknowledged to have been illegitimate. The others are not accounted for. Nor does it appear that the mother married Mr. Brewster after her divorce from Ionakana, although she became a witness at the hearing of this case under the name of Brewster. There is substantial evidence to support the finding of the commission that the petitioner is not dependent on David Keeley for support, both upon the theory that David Keeley, the deceased, is not the same individual as David Kili Ionakana, who became the husband of petitioner's mother five years after her birth, and also on the theory that there is no satisfactory evidence that the petitioner is the surviving daughter of David Kili Ionakana.

█ Assuming, however, that the petitioner is the surviving daughter of David Kili Ionakana, and that he is the same individual as David Keeley, deceased, we are of the opinion there is ample evidence to sustain the finding of the commission that she was not dependent upon him for support at the time of his death. The petitioner was twenty-five years of age at the time of the death of David Keeley. She married William Baker in 1929, but was separated from him about a year later. They were not divorced. There is evidence that she subsequently lived with at least two other men, and that she kept a rooming house, the rent for which was paid and a portion of her maintenance provided by men who lived in that house. The mother was unsuccessful in attempting to prevent her daughter from living in this dissolute fashion.

There is a certificate from a physician that the petitioner suffers from anemia with a resulting loss of weight and strength, and that he believes she is unable to "work and make a living for herself". But it does appear that she maintained herself independently of the support of her parents, except that she testified that her father gave her $45 a month for some time before his death. The commission was

warranted in doubting her statement that he gave her $45 a month for the reason that it appears he drank to excess and gambled, and that his average income for the year preceding his death was but $78.75 per month. Moreover, the petitioner was not living with David Keeley at the time of his death, and there is no showing that her mother is not amply able to support her if necessary. Under section 14, subdivision (2) of the Workmen's Compensation Act, a child over the age of 18 years, who is not living with the parent on account of whose injury or death he seeks to secure compensation, is deemed to be dependent for support on the injured or deceased parent only when there is "no surviving dependent parent". While the meaning of the preceding term, "no surviving dependent parent", is obscure, it seems evident that the legislature intended thereby to assert that where a claimant has a surviving parent upon whom he may rely for support, he may not be deemed to be a dependent within the meaning of the act so as to entitle him to compensation on account of the death or injury of the employee.

The evidence of the petitioner's dependency upon David Kili Ionakana for support is very unsatisfactory. We are persuaded the record amply supports the finding of the commission that the petitioner was not dependent on the deceased for support.

The award is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 9, 1935.