[L. A. 18975.   In Bank.   June 6, 1944.]

DOUGLAS AIRCRAFT COMPANY, INC. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, NATHAN N. MEEHAN et al., Respondents.

H. W. Elliott and Robert E. Moore, Jr., for Petitioner.

Leonard, Hanna & Brophy as Amicus Curiae on behalf of Petitioner.

Everett A. Corten, Dan Murphy, Jr., and Katherine Adams Stoll for Respondents.

EDMONDS, J.—The Industrial Accident Commission awarded a death benefit to the minor children of a mother who was killed in an industrial accident. Douglas Aircraft Company, Inc., the mother's employer, by writ of review, now challenges the commission's jurisdiction to make the award, and the question for decision concerns the construction of section 3501(b) of the Labor Code which declares that,

under stated conditions, a minor child shall be conclusively presumed to have been wholly dependent upon a parent.

■ There is no dispute as to the facts. In 1942, Nathan Meehan and Hazel N. Meehan, his wife, with their two minor children, came to California from Oklahoma where they had conducted a grocery store. Meehan found employment in a shipyard. Because his salary of about $50 per week, less the deductions made for war bonds, federal income tax and social security payments, was insufficient to meet all of their living expenses, Mrs. Meehan secured a position at the aircraft factory and their salaries were pooled in a common fund for the support of the family. Three weeks after she went to work, Mrs. Meehan was killed in an accident arising out of and occurring in the course of her employment. Upon these facts the commission found that Meehan was not dependent upon his wife for support; also, that "said employee left surviving, wholly dependent," two minor children who are entitled to a death benefit of $5,844.02, based upon stipulated earnings. An award was made accordingly with an additional amount of $150 for burial expenses.

The commission acted without or in excess of its power (Lab. Code, § 5952), the employer asserts, because the uncontradicted testimony of the minors' father shows that at the time of the death of the mother, they were not wholly dependent upon her as they were receiving substantial support from him. Under these circumstances, says the employer, the conclusive presumption of total dependency specified in section 3501(b) of the Labor Code is not available to the minor children. In support of its award, the commission takes the position that, according to the express terms of that statute, a minor child is conclusively presumed to have been dependent upon a parent, either father or mother, with whom he was living at the time of an industrial accident by which such parent was killed. The commission also urges that its award should be upheld because Mrs. Meehan was legally liable for the support of her minor children. Adopting the same grounds for affirming the award as those stated by the commission, counsel for the children also say that as the employer is attacking only the amount allowed to the minors, the provision regarding dependency should be liberally construed in accordance with the legislative mandate requiring the enactments concerning workmen's compensation

to be construed "with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.)

Section 3501 of the Labor Code reads as follows: "The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she was living at the time of his injury, or for whose support such husband was legally liable at the time of his injury. (b) A child under the age of eighteen years . . . upon the parent with whom he is living at the time of the injury of the parent or for whose maintenance the parent was legally liable at the time of injury, there being no surviving dependent parent." The following section 3502, provides: "In all other cases, questions of entire or partial dependency and questions as to who are dependents and the extent of their dependency shall be determined in accordance with the facts as they exist at the time of the injury of the employee."

Usually, and particularly before wartime conditions brought married women into industry, the man of the family is the wage earner and the wife and minor child or children are dependent upon him. In accordance with a sound social policy, the Legislature has declared that there shall be a conclusive presumption of dependency as to a wife living with her husband, or for whose support he is legally liable. The same presumption applies to a minor child under eighteen years of age, but only if there is "no surviving dependent parent." Unquestionably, the legislative intent was to give particular consideration to a dependent surviving parent, and under all ordinary circumstances, this is the wife. If she was living with her husband at the time of the fatal accident, or he was then liable for her support, she, exclusively, is given the advantage of the conclusive presumption, and in practice, although the Industrial Accident Commission is not required to do so (Lab. Code, §§ 4703, 4704), the entire death benefit is made to her. Only if the status of the wife at the time her husband sustained the fatal injury does not meet the conditions specified by the statute is a minor child under eighteen living with the father, or for whose support the father is liable, entitled to the conclusive presumption.

In the event of the death of a mother by industrial accident, the right of her minor child to a death benefit depends

upon other provisions of section 3501. By the express terms of that statute, if the child was living with his mother at the time of the accident, or the mother was legally liable for his support, then, in the event that the father is living, the conclusive presumption applies to the child if the father was not dependent upon his wife. However, if it be determined, as an issue of fact, that the father was dependent upon his wife, a minor child may not be held, as a matter of law, to have been dependent upon her. Under this construction of the statute, the commission having found that Meehan was not dependent upon his wife at the time of her death, properly awarded a death benefit to the minor children who were living with her. Whether or not she was liable for their support is of no consequence; the Legislature has stated that the conclusive presumption applies under either of the conditions mentioned.

The petitioner relies upon *Fox* v. *Industrial Acc. Com.*, 194 Cal. 173 [228 P. 38], and *State Comp. Ins. Fund* v. *Industrial Acc.Com.*, 125 Cal.App. 776 [14 P.2d 140], as holding that the conclusive presumption is operative only if the father is killed and the child's status comes within both of the conditions specified in the statute. However, in the Fox case the minor children were not living with either the mother or the father at the time of her death and the court declared that, as she was not legally liable for their maintenance, the conclusive presumption of dependency did not apply. And although the opinion includes a reference to the commission's contention that the statute (then § 14[a] of the Workmen's Compensation Act, Stats. 1917, p. 844, as amended) applies to both parents, the point was expressly rejected as a ground of decision. In the later case an award of the commission was annulled upon an erroneous conclusion concerning the holding in *Fox* v. *Industrial Acc. Com.; supra.* The decision of the District Court of Appeal is therefore disapproved.

Comment concerning the phrase "no surviving dependent parent" is also found in the case of *Baker* v. *Industrial Acc. Com.*, 2 Cal.App.2d 730 [38 P.2d 822], where the court characterized these words as obscure in meaning but ventured the opinion that where a claimant has a surviving parent upon whom he may rely for support, the conclusive presumption of dependency may not be applied. This statement, al-

though dictum, is disapproved as being directly contrary to the conclusion now stated in regard to the conditions entitling a minor child to the benefit of the presumption.

The award is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.