[Civ. No. 13421. First Dist., Div. One. July 28, 1947.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ROBERT WAYNE HUMPHREYS, a Minor, etc., Respondents.

W. N. Mullen for Petitioner.

R. C. McKellips, T. Groezinger, E. B. Connolly and Donald E. Wachhorst for Respondents.

WARD, J.—The main question presented by this writ of review is the constitutionality of Labor Code, section 3501, under which a death benefit was awarded the decedent's minor son, Robert Wayne Humphreys. The minor is now represented by his mother, the wife of the decedent. There is no dispute that the petitioner in the present proceeding was the insurance carrier of the decedent's employer, and that both the employer and the employee at the time of the accident were subject to the provisions of the Workmen's Compensation Act. All parties entered into a compromise which was disapproved by the commission.

The minor's birth certificate shows that he was born February 6, 1928. There is evidence that the mother separated voluntarily from the decedent in 1933, and that since 1935 she never received nor requested support from him. She is self-supporting and supported the minor until three years before his father's death when he became a wage earner and supported himself. The decedent, while unloading a tractor, on January 15, 1946, sustained an injury occurring in the course of and arising out of his employment which resulted in his death the same day.

Petitioner contends: "1. An award based on section 3501 of the Labor Code was arbitrary and unreasonable, for the undisputed and admitted facts established that the respondent minor was neither wholly nor at all dependent for support upon the decedent. 2. If the presumption specified in said section 3501 be regarded as applicable and irrebuttable, then the said section must be held unconstitutional and the said award annulled."

Labor Code, section 3501, provides in part that "The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (b) A child under the age of eighteen years . . . for whose maintenance the parent was legally liable at the time of injury, there being no surviving dependent parent." The referee's finding that the mother was not dependent upon the decedent is not contested.

Labor Code, section 3501, should not be declared arbitrary and unreasonable merely because a child was not actually receiving support from the decedent during the period of

minority if, during that time, the child could have been declared legally entitled to support. (*Douglas Aircraft Co.* v. *Industrial Acc. Com.*, 24 Cal.2d 340 [149 P.2d 702]; *Fireman's Fund Indemnity Co.* v. *Industrial Acc. Com.*, 24 Cal.2d 942 [149 P.2d 705].) The decedent was legally responsible for the support of his son. (*Lewis* v. *Lewis*, 174 Cal. 336 [163 P. 42]; *Federal Mutual L. Ins. Co.* v. *Industrial Acc. Com.*, 195 Cal. 283 [233 P. 335]; *McKendrick* v. *Southern California Edison Co.*, 15 Ind. Acc. Com. 164.) The fact that the minor was admittedly self-supporting did not remove the responsibility for his support from the decedent's shoulders. (*Pacific G. D. Co.* v. *Industrial Acc. Com.*, 184 Cal. 462 [194 P. 1, 13 A.L.R. 725].) Similarly, the fact that under Civil Code, section 196, the mother may also be legally responsible for the minor is immaterial. (*Pacific G. D. Co.* v. *Industrial Acc. Com., supra.*)

Petitioner cites several United States Supreme Court decisions as authority that presumptions of the character here involved are violative of due process of law. Many of the cases deal with disputable presumptions. One of the cases involving a conclusive presumption is *Heiner* v. *Donnan*, 285 U.S. 312 [52 S.Ct. 358, 76 L.Ed. 772]. Petitioner relies upon the following statement made therein at page 329 (285 U.S.): "A rebuttable presumption clearly is a rule of evidence which has the effect of shifting the burden of proof, [citing cases] and it is hard to see how a statutory rebuttable presumption is turned from a rule of evidence into a rule of substantive law as the result of a later statute making it conclusive. . . . However, whether the latter presumption be treated as a rule of evidence or of substantive law, it constitutes an attempt, by legislative fiat, to enact into existence a fact which here does not, and cannot be made to, exist in actuality, and the result is the same, unless we are ready to overrule the Schlesinger case [270 U.S. 240], as we are not; for that case dealt with a conclusive presumption and the court held it invalid without regard to the question of its technical characterization. This court has held more than once that a statute creating a presumption which operates to deny a fair opportunity to rebut it violates the due process clause of the Fourteenth Amendment. (Citing cases, which involve rebuttable, not conclusive, presumptions.) If a legislative body is without power to enact as a rule of evidence a statute denying a litigant the right to prove the facts of his case, certainly the

power cannot be made to emerge by putting the enactment in the guise of a rule of substantive law."

That the petitioner is mistaken in his belief that the foregoing statement expresses the view of the United States Supreme Court that presumptions of the character here involved are unconstitutional, is seen from the following quotation from *Ferry* v. *Ramsey*, 277 U.S. 88, 96 [48 S.Ct. 443, 72 L.Ed. 796] : "Of course, the state may provide that proof of one fact shall be prima facie evidence of another; but this can be done consistently with the due process of law clause of the Fourteenth Amendment only where there is a rational relation between the two facts." (See, also, *Manley* v. *Georgia*, 279 U.S. 1 [49 S.Ct. 215, 73 L.Ed. 575] ; *Tot* v. *United States*, 319 U.S. 463 [63 S.Ct. 1241, 87 L.Ed. 1519].) *City of New Port Richey* v. *Fidelity & Deposit Co.*, 105 F.2d 348 [123 A.L.R. 1352], concerning a conclusive presumption of a valid delivery where a negotiable instrument is in the hands of a holder in due course, refers to the rational connection rule as being applicable to a conclusive presumption. "We recognize that the legislature cannot make certain facts conclusive proof of another ultimate fact when there is no logical connection or probability in experience to connect them. But the real legislative intent may not be to make a rule of evidence, but a rule of substantive law, and if the legislature may constitutionally do the latter, the form of words used will not defeat the intent." (IX Wigmore on Evidence, 3d ed., § 2492.)

Provisions similar to Labor Code, section 3501, have been upheld in other jurisdictions. In *State ex rel. London & L. Ind. Co.* v. *District Court*, 139 Minn. 409 [166 N.W. 772], the statute provided that the surviving wife was conclusively presumed to be wholly dependent unless it was shown that she was voluntarily living apart from her husband at the time of his injury or death. It was contended that the Legislature could not make the presumption of dependence conclusive, and that the plaintiff was not in fact dependent upon her husband for the reason that she had supported herself for years without assistance from him. On page 773 [166 N.W.], the court said: " . . . we are satisfied that the Legislature had power to provide that, for the purposes of the compensation law, the wife 'shall be conclusively presumed to be wholly dependent' upon her husband, regardless of whether she had or had not been supported by him in his lifetime. The duty to support her rested upon him as a continuing obligation which could have been enforced at any time. The Legislature could

recognize the existence of this obligation, and in the plenitude of its power could make such reasonable provision for the wife under the compensation law as it deemed just and proper.''

In *Wilson* v. *La Porte Gas & Electric Co.,* 107 Ind.App. 21 [22 N.E.2d 882], the validity of a conclusive presumption as to the dependency of a minor child was upheld when the awards were made to two stepchildren of a deceased employee who stood ''in loco parte although the minors were in fact receiving some financial aid from their natural father. The section in the Wilson case was substantially the same as that in California. The court stated at p. 885 [22 N.E.2d] : ''It is our opinion that the above statute does not deprive the appellees of any constitutional right. All the benefits which they seek to hold under this award are conferred by statute. These benefits may be increased or lessened at the will of the Legislature and the declaration to the effect that certain persons shall be entitled to compensation, in all events, is a benefit clearly within the power of the Legislature to bestow. Such a provision is not unconstitutional.''

*Thomas* v. *American Cast Iron Pipe Co.,* 209 Ala. 276 [96 So. 233], likewise held that the Legislature may declare the presumption of dependency of a wife or child on the husband to be conclusive, under provisions of a workmen's compensation act, without offending either the state or federal constitutions, citing *State ex rel. London & L. Ind. Co.* v. *District Court, supra,* and *Bailey* v. *Alabama,* 219 U.S. 219 [31 S.Ct. 145, 55 L.Ed. 191].

In view of the foregoing, it must be held herein that the conclusive presumption set forth in Labor Code, section 3501, is constitutional upon the theory that there is a rational connection between minority, coupled with a parent's legal liability for maintenance, and dependency upon said parent for support. (See *Woodward Iron Co.* v. *Jones,* 217 Ala. 361 [116 So. 425] ; 1 Workmen's Compensation, Campbell, 774, § 872. The father's duty to support the minor might have been enforced at any time. At the time of the accident the deceased parent was legally liable for the support of the child. The employment of the minor did not render the father free from the legal right of the minor to demand support from his father. Irrespective of the presumptions mentioned in Labor Code, section 3501, the first duty of a father is to support his legitimate children. (Civ. Code, §§ 193, 196, 197, 198, 205; Pen. Code, § 270; *Federal Mutual L. Ins. Co.* v. *In-*

*dustrial Acc. Com.,* 195 Cal. 283 [233 P. 335] ; *Fox* v. *Industrial Acc. Com.,* 194 Cal. 173 [228 P. 38].)

The order of respondent commission is affirmed.

Peters, P. J., and Bray, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 25, 1947.