[Civ. No. 17902.   Second Dist., Div. One.   Aug. 1, 1950.]

INDUSTRIAL INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Herlihy & Herlihy for Petitioner.

Edmund J. Thomas, Jr., T. Groezinger and Robert Ball for Respondents.

DRAPEAU, J.—Industrial Indemnity Company petitions for a writ of review. Interpretation of Labor Code, section 4702, is involved. Deceased employee left surviving him a widow and two minor grandchildren. Industrial Accident Commission gave to the widow and the grandchildren the maximum award under the law.

Are the grandchildren dependents within the meaning of the law?

The children were the issue of decedent's son's first marriage, which terminated by divorce. The son remarried; the second wife failed to care for the children; they were made wards of the welfare department in Hawaii and placed with decedent and his wife in 1948. Since then they were members of the family of decedent.

Section 3207, Labor Code, defines compensation as every benefit or payment conferred upon an injured employee or in the event of his death upon his dependents.

Section 3501 sets forth the conclusive presumption that, in cases enumerated in the section, issue of the employee are wholly dependent.

Section 3502 provides that in all other cases questions of dependency shall be determined in accordance with the facts as they exist at the time of the injury of the employee.

Section 3503 provides that a person is a dependent if in good faith a member of the family or household of the employee.

The law is to be liberally construed, to the end that the beneficent provisions thereof be extended to employees and their dependents. (Lab. Code, § 3202; *Bianco* v. *Industrial Acc. Com.*, 24 Cal.2d 584 [150 P.2d 806] ; *Larsen* v. *Industrial Acc. Com.*, 34 Cal.2d 772 [215 P.2d 16].)

Workmen's compensation laws have been enacted and supported by the people of California with a humanitarian purpose. As said in the brief of the commission :

"It is common knowledge that many homes today include minor children who are not the immediate progeny of the husband and wife. Divorces, second marriages, death of parents, desertions by parents, unfitness on the part of parents, and other factors constantly are creating situations in which minor children are given into the care and custody of couples other than their own parents. Upon the death of the breadwinner of such a family group, the problem of economic readjustment is just as great to the dependent minor children as if a parental relationship had existed between themselves and the decedent.''

This court is thankful that the old, harsh doctrines of the common law, like assumption of risk, negligence of fellow servants, and contributory negligence no longer plague survivors when the man of the family has been taken away by accidents in industry.

The commission found the fact that these children are dependents. This finding was within the purpose and purview of the law, and the petition for writ of review is denied.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied August 21, 1950, and petitioner's application for a hearing by the Supreme Court was denied September 25, 1950.