[Civ. No. 14287. Fourth Dist., Div. One. June 10, 1975.]

ARTHUR GONZALEZ et al., Petitioners, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
CRUZ SANDEZ DE AYALA et al., Respondents.

## Counsel

Perry Trout, Jr., and Terry T. Heggeness for Petitioners.

Philip Miyamoto and Howard J. Scott for Respondents.

## Opinion

**THE COURT.**\*—Flavio P. Ayala died in an industrial accident June 21, 1972, leaving a surviving widow, respondent Cruz Sandez de Ayala, and two minor, partially dependent step-grandchildren, respondents also. Cruz was awarded $25,000 compensation as a wholly dependent surviving widow and an additional $3,000 for the minors. Petitioners Gonzalez and Continental Casualty Insurance Company want the award annulled.

\*Before Brown (Gerald), P. J., Ault, J., and Cologne, J.

Both Flavio and Cruz were "green-card" holders—they had been granted the status of immigrants and resident aliens in the United States by the United States Government.[1] Cruz registered with the United States Government each January as a resident alien giving her address as her daughter's residence in Calexico, California. Cruz sought full death benefits as a surviving widow. She did not establish she was totally dependent on Flavio for support. The referee found she was entitled to the presumption of Labor Code section 3501 which provides a wife is conclusively presumed to be wholly dependent for support on her husband with whom she was living or who was legally liable for her support when he was injured. He also found the couple actually resided in Mexicali, Mexico, occasionally lived in ·Calexico, but were "resident aliens" within the meaning of Labor Code section 3500,[2] *regardless* of where they actually lived. He found Cruz's two grandchildren, unrelated to Flavio, were his partial dependents.

The Appeals Board first reversed the referee, holding Cruz's immigration status was not conclusive for workmen's compensation without regard to the facts. The Board reversed itself two months later and upheld the referee primarily because (1) *Gooch* v. *Clark,* 433 F.2d 74 and *Sam Andrews' Sons* v. *Mitchell,* 457 F.2d 745, held commuter aliens and true resident aliens were the same for immigration law purposes, and (2) Labor Code section 3202 directing liberal construction of workmen's compensation benefits for the protection of those injured in the course of their employment.

The Board also upheld the award to the minor step-grandchildren as within the Labor Code section 4702 classification of "dependent minor children," relying on *Argonaut Ins. Co.* v. *I.A.C.,* 30 Cal. Comp. Cases 260, where the section was interpreted to "include all minors who are dependent members of decedent's household regardless of the relationship to the deceased."

■ Petitioners argue Cruz must actually live in the United States in order to invoke the presumption. *Saxbe* v. *Bustos,* 419 U.S. 65 [42 L.Ed.2d 231, 95 S.Ct. 272] confirmed *Gooch* v. *Clark,· supra,* 433 F.2d 74.

---

[1] The card reads: "Immigration Card. This is to certify that Sandez De Ayala Cruz . . . has been duly registered according to law and was admitted to the United States as an immigrant and then entered California on May 20, 1968. . . ." The reverse gives the requirement that a "resident alien" must register every year.

[2] Labor Code section 3500 provides "presumptions . . . shall not apply in favor of aliens who are nonresidents of the United States at the time of injury."

The Supreme Court concluded that daily and seasonable green-card commuters are immigrants "lawfully admitted for permanent residence." That admission gives "the *status* or *privilege* which need not be reduced to a permanent residence to be satisfied, so long as that *status* has not changed." The *status* will not be denied aliens if they do not intend to permanently reside in the United States (*Saxbe* v. *Bustos, supra,* 419 U.S. 65, 69-72 [42 L.Ed.2d 231, 237-239]).

In addition to urging her *status* as a resident alien is controlling, Cruz urges petitioners' interpretation of "nonresident alien" is unconstitutional for it will deny her equal protection and conflict with the supremacy clause.

The issue has apparently never been decided. Neither party cites *Fox* v. *Industrial Acc. Com.,* 194 Cal. 173 [228 P. 38], but it is of some help. In *Fox* the contention was made that three United States born children who had lived outside the United States for over 10 years were nonresident aliens. The court looked to their *status,* found them citizens, and held it immaterial "as far as their status is concerned" that they were sent abroad for their education. The court determined status by pointing to the Fourteenth Amendment definition of citizenship.

The same approach in this case supports the award. Cruz received the legal immigrant status of resident alien from the United States Government. Since the court in *Fox* looked to status, her *status* as a resident alien governs, and she is not a nonresident alien for the purpose of Labor Code section 3500.

Liberal application of the workmen's compensation laws (as the Board favors) also upholds the award. The statute does not require one to be a resident of the United States to claim the presumption, nor bar those "not residing in the United States." In this context, the term "nonresident" more properly refers to status than actuality.

The award for the children is proper (Lab. Code, § 4702).

The award is affirmed.

A petition for a rehearing was denied June 25, 1975, and petitioners' application for a hearing by the Supreme Court was denied August 6, 1975.