[No. C015111. Third Dist. Nov. 4, 1993.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
CONNIE ASHER et al., Respondents.

**COUNSEL**

Krimen, Klein, DaSilva, Daneri & Bloom and Louis Harris for Petitioner.

Moorad, Clark & Gleason and Albert G. Clark, Jr., for Respondents.

**OPINION**

**PUGLIA, P. J.**—Labor Code section 4703.5 obligates an employer to pay a special death benefit to the "totally dependent minor children" of an employee who dies as the result of a work-related injury. In this petition for writ of review, we affirm the Workers' Compensation Appeals Board's (Board's) interpretation of section 4703.5 as extending this special death benefit to a totally dependent minor grandchild.[1]

I

Albert Asher (decedent) was electrocuted during the course of his employment on August 9, 1990. Decedent and his widow, respondent Connie Asher (widow), cared for and provided a home and total financial support for their grandson, respondent Justin Anthony Bernal (Justin), from the moment of

---

[1]Further statutory references to sections of an undesignated code are to the Labor Code.

Justin's birth on March 20, 1990. Since decedent's death, widow has provided sole support for her grandson. State Compensation Insurance Fund (petitioner) concedes Justin was a minor totally dependent upon decedent at the time of decedent's death.

On December 13, 1990, widow and Justin filed an application for adjudication of claim, seeking death and other benefits. On July 20, 1992, a workers' compensation judge (WCJ) approved the parties' compromise and release, in which, inter alia, widow and Justin released their claims for dependents' death benefits under sections 4702 and 4703, and the parties agreed the Board would determine the sole remaining issue in the case, Justin's entitlement to the special death benefit under section 4703.5.

On September 22, 1992, the WCJ issued his decision, finding Justin a totally dependent minor child and thus entitled to the section 4703.5 death benefit. The WCJ reasoned that because section 4703.5 does not expressly provide that minor children must be the direct offspring of the decedent, section 3202 requires a liberal interpretation of section 4703.5 to include a minor such as Justin who is "in a position no different than he would be if he was [*sic*] the natural or adopted son of Decedent," i.e., an indefinite dependent of decedent's household.

On December 10, 1992, the Board issued its opinion denying reconsideration of the WCJ's decision. The Board adopted the WCJ's analysis, and concluded: "We reach our decision based upon the particular facts in this case where decedent's grandchild was totally dependent upon decedent and his wife at time [*sic*] of decedent's death and the child's own mother and father never supported the child since birth."

Petitioner timely filed a petition for writ of review. After receipt of opposition, we issued the writ on March 18, 1993. We shall affirm the Board's decision denying reconsideration.

II

"The legislative command is that work[ers'] compensation laws shall be liberally construed 'with the purpose of extending their benefits .for the protection of persons injured in the course of their employment.' (Lab. Code, § 3202.) Where provisions of such laws are susceptible of an interpretation

either beneficial or detrimental to injured employees or an ambiguity appears, they must be construed favorably to the employees. [Citation.]" (*Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 404 [71 Cal.Rptr. 678, 445 P.2d 294].)

"The Legislature is . . . expressly vested with plenary power . . . to create, and enforce a complete system of workers' compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability, and their dependents for death incurred or sustained by the said workers in the course of their employment, irrespective of the fault of any party. . . ." (Cal. Const., art. XIV, § 4.) "Pursuant to the constitutional directive the Legislature created an employer's liability for death benefits to compensate dependents where an industrial injury causes an employee's death. [Citation.]" (*Zenith Insurance Co.* v. *Workers' Comp. Appeals Bd.* (1981) 124 Cal.App.3d 176, 187 [176 Cal.Rptr. 920].)

The Legislature has provided for workers' compensation death benefits in section 4701 et seq. Section 4701, subdivision (b), makes the employer liable for "[a] death benefit, to be allowed to the dependents when the employee leaves any person dependent upon him or her for support." Sections 4702 and 4703 set out the monetary amounts and allocation of death benefits, drawing distinctions based primarily on total as distinct from partial dependency. Section 4703.5 provides: "In the case of one or more totally dependent minor children, after payment of the amount specified in Section 4702, and notwithstanding the maximum limitations specified in Sections 4702 and 4703, payment of death benefits shall continue until the youngest child attains age 18 in the same manner and amount as temporary total disability indemnity would have been paid to the employee, except that no payment shall be made at a weekly rate of less than two hundred twenty-four dollars ($224)."

Sections 3501 to 3503 define dependency for purposes of workers' compensation death benefits. Generally, minor children, disabled adult children, and, with certain exceptions, spouses are conclusively presumed to be wholly dependent upon a deceased employee parent. (§ 3501.)[2] In all other cases, "questions as to who are dependents . . . shall be determined in

---

[2]Section 3501 provides: "(a) A child under the age of 18 years, or over that age but physically or mentally incapacitated from earning shall be conclusively presumed to be

accordance with the facts as they exist at the time of the injury of the employee." (§ 3502.) Section 3503 provides: "No person is a dependent of any deceased employee unless in good faith a member of the family or household of the employee, or unless the person bears to the employee the relation of husband or wife, child, posthumous child, adopted child or stepchild, grandchild, father or mother, father-in-law or mother-in-law, grandfather or grandmother, brother or sister, uncle or aunt, brother-in-law or sister-in-law, nephew or niece."

## III

Petitioner contends the plain language of section 4703.5 and the statute's relationship to other death benefit provisions of the Labor Code demonstrate the Legislature intended to extend the special death benefit of section 4703.5 only to those persons who are "totally dependent minors" and also "children" of the decedent. We disagree. Petitioner's contention ignores nearly a half century of judicial construction of the term "dependent minor children," and the Legislature's acquiescence in that judicial construction by its use of the term in section 4703.5.

In 1947, the Legislature amended section 4702 to provide an augmented death benefit for "a surviving widow with one or more *dependent minor children.*" (Stats. 1947, ch. 1031, § 1, p. 2302, italics added.) Until 1980, subsequent amendments to section 4702 retained this augmented death benefit. A 1979 amendment substituted "spouse" for "widow" and expanded the death benefit to make it applicable also to "two or more surviving dependent minor children." (Stats. 1979, ch. 749, § 4, p. 2600.) In 1980, the Legislature deleted the augmented death benefit for dependent minor children. (Stats. 1980, ch. 1042, § 4, p. 3329.)

In *Industrial Indem. Co. v. Ind. Acc. Com.* (1950) 98 Cal.App.2d 741 [220 P.2d 765], the court construed the term "dependent minor children" to include dependent minor grandchildren. There, the decedent's two grandchildren had been made wards of the welfare department and were then

wholly dependent for support upon a deceased employee-parent with whom that child is living at the time of injury resulting in death of the parent or for whose maintenance the parent was legally liable at the time of injury resulting in death of the parent, there being no surviving totally dependent parent. [¶] (b) A spouse to whom a deceased employee is married at the time of death shall be conclusively presumed to be wholly dependent for support upon the deceased employee if the surviving spouse earned thirty thousand dollars ($30,000) or less in the twelve months immediately preceding the death."

placed with decedent and his wife. The court upheld the maximum death benefit award to the widow and grandchildren under former section 4702. Quoting the Board's predecessor, the Industrial Accident Commission, the court said: " 'It is common knowledge that many homes today include minor children who are not the immediate progeny of the husband and wife. Divorces, second marriages, death of parents, desertions by parents, unfitness on the part of parents, and other factors constantly are creating situations in which minor children are given into the care and custody of couples other than their own parents. Upon the death of the breadwinner of such a family group, the problem of economic readjustment is just as great to the dependent minor children as if a parental relationship had existed between themselves and the decedent.' " (98 Cal.App.2d at p. 742.)

Another appellate decision has since consistently construed the phrase "dependent minor children." In *Gonzalez v. Workmen's Comp. Appeals Bd.* (1975) 49 Cal.App.3d 280 [122 Cal.Rptr. 515], the Board awarded the augmented death benefit then provided by section 4702 to the decedent's widow and two dependent minor step grandchildren. The court affirmed the augmented award, explaining: "The Board also upheld the award to the minor step-grandchildren as within the Labor Code section 4702 classification of 'dependent minor children,' relying on *Argonaut Ins. Co. v. I.A.C.,* 30 Cal. Comp. Cases 260, where the section was interpreted to 'include all minors who are dependent members of decedent's household regardless of the relationship to the deceased.' " (*Gonzalez v. Workmen's Comp. Appeals Bd., supra,* 49 Cal.App.3d at p. 282.)

The Legislature is presumed to have full knowledge of judicial decisions and to have enacted legislation in light thereof. (*In re Misener* (1985) 38 Cal.3d 543, 552 [213 Cal.Rptr. 569, 698 P.2d 637]; *Stafford v. Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241].) "When legislation has been judicially construed and a subsequent statute on the same or an analogous subject is framed in the identical language, it will ordinarily be presumed that the Legislature intended that the language as used in the later enactment would be given a like interpretation." (*Los Angeles Met. Transit Authority v. Brotherhood of Railroad Trainmen* (1960) 54 Cal.2d 684, 688 [8 Cal.Rptr. 1, 355 P.2d 905]; see also *Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874]; *People v. Curtis* (1969) 70 Cal.2d 347, 355 [74 Cal.Rptr. 713, 450 P.2d 33]; *Estate of Sax* (1989) 214 Cal.App.3d 1300, 1304 [263 Cal.Rptr. 190].)

We presume the Legislature knew that appellate decisions are in agreement with the Board's construction of the term "dependent minor children"

to include all minor dependent members of a decedent's household, including grandchildren. The augmented death benefit for totally dependent minor children provided by section 4703.5 applies to precisely the same class of beneficiaries as the augmented death benefit formerly extended by section 4702 to dependent minor children. There is nothing in the language of section 4703.5 or its legislative history that suggests a contrary legislative intent. Accordingly, Justin is a "dependent minor child" within the meaning of section 4703.5 and is entitled to a death benefit thereunder.

## IV

The December 10, 1992, decision denying reconsideration by respondent Workers' Compensation Appeals Board is affirmed.

Sparks, J., and Nicholson, J., concurred.